IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01417-CMA-KLM

MARIO E. VILLABONA-ALVARADO,

      Plaintiff,

v.

JOHN HURLEY,
G.L. HERSHBERGER, and
WENDY J. ROAL,

      Defendant(s).
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendant Wendy J. Roal's Motion to Dismiss** [Docket No. 39; Filed March 23, 2009] ("Motion to Dismiss").  Plaintiff, who is proceeding *pro se*, failed to file a response to the Motion to Dismiss, and the deadline for doing so has passed.  Indeed, the Court notes that the last filing received from Plaintiff was docketed on February 26, 2009 [Docket No. 35].  Since that time, Plaintiff has neglected this case, including the Court's Order to Show Cause related to Plaintiff's failure to provide sufficient information to serve process on Defendants Hurley and Hershberger [Docket No. 27].

      Specifically, the Court noted in the Order to Show Cause that Defendants Hurley and Hershberger have not been served with the Summons and Complaint in this action and, therefore, are not currently proper parties [Docket No. 25].  *Order* [#27] at 1.  The operative Complaint was filed on July 8, 2008 [Docket No. 3].  By Order dated October 2, 2008 [Docket No. 11], the United States Marshal was directed to seek a waiver of service of the

Summons and Complaint on all Defendants by sending the pleadings to the Bureau of Prisons ("BOP"). However, Defendants Hurley and Hershberger were no longer employed by the BOP at the time of service and no forwarding addresses were provided. I informed Plaintiff that while Fed. R. Civ. P. 4(c) requires the Court to effect service of the Summons and Complaint for plaintiffs proceeding *in forma pauperis*, he must provide sufficient information for the Court to do so. *Order* [#27] at 1.

To this end, the Court required Plaintiff, on or before February 27, 2009, to show cause why this Court should not recommend that the case against Defendants Hurley and Hershberger be dismissed pursuant to Fed. R. Civ. P. 4(m) & 41(b). *Id.* at 2. The Court also informed Plaintiff that his failure to respond and provide sufficient contact information for the Court to effect service on Defendants Hurley and Hershberger "will result in this Court issuing a recommendation to dismiss Plaintiff's action as to them." *Id.* Plaintiff failed to respond, provide sufficient contact information for the Court to serve these individuals, or file proofs of service for them. In conjunction with this Recommendation on Defendant Roal's Motion to Dismiss, the Court also recommends that the remaining Defendants be dismissed pursuant to Fed. R. Civ. P. 4(m).

The Motion to Dismiss has been referred to this Court for recommendation pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C. The Court has considered the relevant pleadings, the case file, and the applicable case law, and is sufficiently advised in the premises. For the reasons set forth below, the Court recommends that the Motion to Dismiss be **GRANTED**.

## I. Summary of the Case

As noted above, Plaintiff filed this action on July 8, 2008 [Docket No. 3]. The case

deals with Plaintiff's incarceration at USP-Administrative Maximum ("ADX") in Florence, Colorado from 1994 to 2000.  Plaintiff asserts ten claims against the named Defendants, including seven claims related to cruel and unusual punishment, two claims related to due process and equal protection, and one claim related to an alleged violation of the Privacy Act, 5 U.S.C. § 552a.

After service of the Complaint on Defendant Roal, she moved to dismiss Plaintiff's Complaint in its entirety on several jurisdictional and legal grounds, including that several of Plaintiff's claims are barred by *res judicata*, the Court lacks personal jurisdiction over Defendant Roal, Plaintiff's claims are barred by the statute of limitations, and Plaintiff fails to state any claim upon which relief can be granted.  *Motion* [#39] at 4-5, 7-17.  She also requests that Plaintiff's case be deemed legally frivolous pursuant to 28 U.S.C. § 1915A, and counted as a strike against Plaintiff's ability to proceed *in forma pauperis*.  *Id.* at 17-18. Plaintiff did not respond.[1]

## II.  Standard of Review

Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has subject-matter jurisdiction to properly hear the case before it.  Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so

---

[1] While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry.  *Cf.* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4.  In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has held that it is error to dismiss based solely on the *pro se* plaintiff's failure to respond without also considering the merits of the motion.  *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision).

insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).   A motion to dismiss pursuant to Rule 12(b)(1) may take two forms:  a facial attack or a factual attack.  When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a factual attack on a complaint supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *Id.* at 1003.

The purpose of a motion to dismiss pursuant to Rule 12(b)(2) is to test whether the Court has personal jurisdiction over the named parties.  Plaintiff bears the burden of establishing personal jurisdiction over all of the Defendants.  *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further.  The Court will accept the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the complaint as true to determine whether Plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide

4

'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

I first address the issue of personal jurisdiction. Defendant Roal argues that the claims against her should be dismissed for lack of personal jurisdiction.[2] *Motion* [#39] at

---

[2] Plaintiff's Complaint is not clear as to whether he intends to assert liability against Defendant Roal in her both her official and individual capacities. Considering that Plaintiff

5

7-10.  According to the Complaint, Defendant Roal is the Bureau of Prisons ("BOP") administrator for National Inmate Appeals and resides in Kansas City, KS.  *Complaint* [#38] at 2.[3]  As such, Defendant Roal does not reside or work in the State of Colorado.

Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendant Roal.  *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  As a court of limited jurisdiction, this Court may only exercise jurisdiction over nonresident defendants if:  (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with the Due Process Clause of the United States Constitution.  *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005).  The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).  Therefore, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

Due process first requires that Plaintiff demonstrate that Defendant Roal has "minimum contacts" with the State of Colorado.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Here, Plaintiff vaguely asserts that Defendant Roal was responsible, in

_____

requests monetary damages only against all Defendants and does not seek any form of relief that is available in an official capacity suit, I assume that he intends to assert liability against Defendant Roal in her individual capacity.  To the extent that Plaintiff intends to assert liability against Defendant Roal in her official capacity, I would recommend dismissal of Plaintiff's case because Defendant Roal, as an agent of the United States, is entitled to sovereign immunity for claims asserted against her for monetary damages in her official capacity.  *See Kyler v. Everson*, 442 F.3d 1251, 1252-53 (10th Cir. 2006) (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)).

[3] Defendant Roal is the former administrator of National Inmate Appeals and is now employed by the BOP at USP Terre Haute in Terra Haute, Indiana [Docket No. 28].

6

part, for his classification as a high-level inmate and placement at ADX, for failing to remove inaccurate information from Plaintiff's prison file, and for failing to properly respond to an administrative grievance. *Complaint* [#3] at 13-14, 41-43. However, such "attempts to make out a case for personal jurisdiction over [this defendant] by arguing that [she] authorized or implemented [actions] knowing that the effects of these [actions] would be felt by him in Colorado" are insufficient to establish minimum contacts. *Hale v. Ashcroft*, No. 06-cv-00541-REB-KLM, 2007 WL 2350150, at *3 (D. Colo. Aug. 15, 2007) (unpublished decision); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996) (noting that "the mere foreseeability of causing injury in another state 'is not a "sufficient benchmark' for exercising personal jurisdiction" (citations omitted)). Moreover, allegations related to an individual's participation in the administrative grievance process "fall[] far short of [demonstrating] the purposeful availment necessary to establish jurisdiction . . . ." *Hill v. Pugh*, 75 Fed. Appx. 715, 719 (10th Cir. Sept. 11, 2003) (unpublished decision); *Mercado v. Wiley*, No. 06-cv-02020-WYD-MJW, 2009 WL 440930, at **8-9 (D. Colo. Feb. 23, 2009) (unpublished decision) (noting that responding to an administrative grievance does not provide a basis for jurisdiction).

Further, "the actions on which plaintiff relies in support of his allegations of personal jurisdiction all clearly were taken by [defendant in her capacity] as [a] federal official[] . . . . Such actions do not suffice to establish minimum contacts for purposes of an individual capacity suit against a federal employee." *Hale*, 2007 WL 2350150, at *3; *see also Trujillo v. Williams*, 465 F.3d 1210, 1218 n.9 (10th Cir. 2006) (holding that the complaint must contain allegations that "defendants acting in their *personal* capacities have contacts with the State"); *Hill*, 75 Fed. Appx. at 719 ("It is not reasonable to suggest that federal prison

officials may be hauled into court simply because they have regional and national responsibilities over facilities within a forum state."). Accordingly, Plaintiff's claims against Defendant Roal must be dismissed for lack of personal jurisdiction.

## IV.  Recommendation

Given that Plaintiff has failed to establish that the Court has personal jurisdiction over Defendant Roal, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **dismissed without prejudice** as to Defendant Roal.[4]

I further **RECOMMEND** that the Order to Show Cause [#27] be made **ABSOLUTE** and that the remaining Defendants and claims be **dismissed without prejudice**.  Fed. R. Civ. P. 4(m) authorizes me to recommend dismissal of the case without prejudice against unserved parties where good cause for the failure to serve has not been shown.  In this case, Plaintiff failed to provide good cause for his failure to timely serve the remaining Defendants or to provide sufficient contact information for the Court to serve them. Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995), the Court is not inclined to do so here.  This case has been pending since August 2008. Plaintiff failed to effect service of the remaining Defendants within 120 days of the case's filing, failed to provide sufficient contact information for the Court to do so despite a request from the Court, and failed to respond to the Order to Show Cause providing him with an

---

[4] "[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice."  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).  Further, because I do not reach the merits of Plaintiff's claims, I decline to address Defendant Roal's request to dismiss Plaintiff's case as legally frivolous.

opportunity to cure the service deficiency in several different ways.  Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the unserved Defendants.  *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n.4 (D. Colo. Feb. 13, 2008) (unpublished decision).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  April 30, 2009

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge